void for not being duly recorded as a mere mortgage of a chattel, and not treating his lien as a bottomry. As a mortgage, it is necessary to be recorded. The Draco [Id. 4,057]. Though no notice is required to be given of a lien on a vessel, to make it valid. Daniel, Ch. Prac. 70, 77. Yet a mere mortgage must be recorded in conformity to the statutes of the state of Massachusetts, expressly requiring such conveyances to be recorded, unless possession accompanies the mortgage. This vessel was not taken possession of and retained by Deshon at the time of the conveyance, nor was the latter recorded till the mortgagors had failed, and an assignee been appointed to receive their effects, and public notice given of his appointment. The insolvent system of this state provides for a conveyance to the assignee of all the estate of the debtor. Act April 23, 1838; 2 Eden, Bank. L. 177.

Now this undoubtedly passed a title to all which belonged then to the debtor, but nothing more, except in cases of property, which the debtor may have conveyed to defraud creditors. It does not mean to dissolve valid mortgages, and insolvent systems usually do not dissolve them. 2 Hagg. Adm. 57; Edw. Adm. 118, 239; 2 Metc. [Mass.] 258; 3 Metc. [Mass.] 239; 4 Metc. [Mass.] 346. Here this vessel had been duly conveyed to Deshon in mortgage. The deed, though unrecorded, was valid as between the parties. The assignee stands in the shoes of the debtor in such case. The debtor is civilly dead as to his estate, and the assignee is his representative like an administrator on the estate. Mitchell v. Winslow [Case No. 9,673]; In re McLellan [Id. 8,894]. He is a privy in interest, and he has failed to make any satisfactory proof of fraud in the mortgage by the former owners to Deshon. The assignee has only the equities which the debtor had, except, as he is acting for the benefit of the creditors, when he can, in case conveyances have been made, which are fraudulent or against them, set them aside. He is not like a particular assignee or purchaser for a valuable consideration, but as any other assignee by operation of law, an administrator, or executor, or insurer to whom property has been abandoned. 9 Ves. 100; [Bayley v. Greenleaf] 7 Wheat. [20 U. S.] 56; 2 Story, Eq. Jur. § 1229; 10 Johns. 63; 6 Mann. 24; 2 Hill, 229. In France, by laws of Louis XIV., § 25, art. 2, all vessels are liable for debts of the last owner, till they make one voyage, unless sold by a judicial sale. See Laws, p. 298. It is true, that some of Deshon's claims might not be good, and of a character to sustain a bottomry bond, but they were all proper enough for a mortgage, and though not taking possession by the mortgagee, may be slight evidence of fraud, or some badge of it, as in cases of absolute sales, it has been considered one badge of fraud since Twynne's Case in Coke, yet it is not per se fraud. And, in case of a vessel furnished thus with means to go to sea, the very design and nature of the advances show, that the possession for the voyage was to be retained by the mortgagor. Gray v. Jenks [Case No. 5,720]. Any other sufficient reason for not changing possession in case of a mortgage sufficeth. See cases in Almy v. Wilbur [Id. 256]; Haven v. Low, 2 N. H. 13. But a vessel should be taken possession of after the voyage by the mortgagee or vendee, as was done here. Gray v. Jenks [supra]; 4 Pick. 288, 389; 2 Pick. 599; 17 Mass. 110; 2 Durn. & E. [2 Term R.] 485; 9 Johns. 337; 3 Cow. 166; 4 Bing. 458; Wheeler v. Sumner [Case No. 17,501.] This mortgage did not purport to be an absolute sale on its face; and a secret agreement made and proved to the contrary, like the case cited from Parker v. Pattee, 4 N. H. 176; Wend. 596; but it is on its face a mortgage. If never recorded, then, it would be good against the debtor, and when not fraudulent, good against his assignee in bankruptcy. See Almy v. Wilbur, before cited. Where, under some English registry acts, sales are not valid at all unless recorded, the rule would be different on account of the express language used to the contrary. 2 East, 399, 400; Weston v. Penniman [Case No. 17,455]. See, also, bearing on this, 2 Hill, 628; 5 Hill, 16; 1 Denio, 163. But it is well settled here, that mortgages, whether of real or personal estate, not recorded, are good between the parties. And it is as well settled, that they are good against their assigns under bankrupt and insolvent systems, though not recorded till after their appointment. Briggs v. Parkman, 2 Metc. [Mass.] 267. The assignee of a bankrupt in these cases stands in his shoes. The St. Catherine, 3 Hagg. Adm. 253. Let the claim of Deshon, then, be enforced as to the proceeds, and that of Leland as well as of the assignee be dismissed.

---

**LELAND (MERCHANTS' NAT. BANK v.).** See Case No. 9,452.

---

## Case No. 8,238.

### LELAND v. PLATT.

[The case reported under above title in 16 N. B. R. 505, is the same as Case No. 8,235.]

---

**LELAND (UNION PAPER COLLAR CO. v.).** See Case No. 14,394.

**LELAND, The ANNIE.** See Case No. 421.

**LEMING (CITIZENS' NAT. BANK v.).** See Case No. 2,733.

---

## Case No. 8,239.

### LEMIX v. HARMONY SOCIETY.

[Cited in Nachtrieb v. Harmony Settlement, Case No. 10.003. Nowhere reported; opinion not now accessible.]

[Decided by GRIER, Circuit Justice.]